OPINION
{¶ 1} Defendant-appellant Estate of Ronald E. Berkshire appeals the September 9, 2005 Judgment Entry entered by the Tuscarawas County Court of Common Pleas, which granted summary judgment in favor of plaintiff-appellee Betty Lou Berkshire.
 STATEMENT OF THE FACTS AND CASE {¶ 2} The marriage of appellee and Ronald E. Berkshire ("decedent") was terminated by a dissolution of marriage filed in the Tuscarawas County Court of Common Pleas, Case No. 92DM060313. Via Judgment Entry filed August 21, 1992, the trial court terminated the marriage and approved appellee and decedent's Separation Agreement ("the Agreement"). Pursuant to the Agreement, decedent was to designate appellee as the beneficiary of a life insurance policy in the amount of $100,000. Decedent was required to maintain the policy for the benefit of appellee during her life as long as she did not remarry, cohabitate, or win a cash price. Appellee did not remarry, cohabitate, or win a cash prize.
 {¶ 3} Decedent died on August 28, 2004, in the State of Pennsylvania. Since decedent's death, appellee has attempted to locate the life insurance policy provided for by the Agreement. At the time of the dissolution, the policy was issued by Anchor National Life Insurance Company, policy no. 02015552. Through her attempts to locate the policy with Anchor, appellee discovered Anchor National was sold in 1999. Appellee believes AIG Sun America Insurance Company purchased Anchor National, but she has been unable to locate any such policy with AIG Sun America.
 {¶ 4} On January 6, 2005, appellee filed a Complaint in the Tuscarawas County Court of Common Pleas, naming decedent's estate, i.e. appellant, as defendant and seeking judgment in the amount of $100,000 as the amount she was entitled to under the Agreement. Appellee filed a Motion for Summary Judgment on June 23, 2005, which the trial court granted via Judgment Entry on September 9, 2005.
 {¶ 5} It is from that judgment entry appellant appeals, raising the following assignment of error:
 {¶ 6} "I. THE COURT ERRED IN GRANTING THE MOTION FOR SUMMARY JUDGMENT FILED BY THE PLAINTIFF/APPELLEE."
 STANDARD OF REVIEW {¶ 7} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party,Inc. (1987), 30 Ohio St.3d 35, 36, 506 N.E.2d 212.
 {¶ 8} Civ.R. 56(C) states, in pertinent part:
 {¶ 9} "Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."
 {¶ 10} Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall
(1997), 77 Ohio St.3d 421, 429, 674 N.E.2d 1164, citing Dresherv. Burt (1996), 75 Ohio St.3d 280, 662 N.E.2d 264.
 {¶ 11} It is based upon this standard we review appellant's assignment of error.
 I {¶ 12} Herein, appellant maintains the trial court erred in granting summary judgment in favor of appellee. Specifically, appellant asserts appellee failed to exhaust the discovery process to determine if decedent's life insurance policy is still in existence and her claim she has not been able to locate such is insufficient grounds upon which to grant summary judgment.
 {¶ 13} The parties do not dispute appellee acquired a vested interest in decedent's life insurance policy at the time she and decedent entered into the Agreement. See, Thomas v. Studley
(1989), 59 Ohio App.3d 76. The evidence establishes the policy cannot be located. Appellant is in a better position to discover a life insurance policy exists. If appellant is unable to produce the policy, appellee is entitled to an equivalent amount of proceeds from decedent's estate under a breach of contract analysis. While appellant may not be satisfied with the discovery efforts appellee undertook to locate the policy, such does not raise a genuine issue of material fact as to whether appellee is entitled to the funds.
 {¶ 14} Appellant's sole assignment of error is overruled.
 {¶ 15} The judgment of the Tuscarawas County Court of Common Pleas is affirmed.
Hoffman, J. Wise, P.J. and Farmer, J. concur.
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, the judgment of the Tuscarawas County Court of Common Pleas is affirmed. Costs assessed to appellant.